PROB 12A
(7/93)

Report Date: February 16, 2006

# United States District Court

### for the

### Eastern District of Washington

### Report on Offender Under Supervision
#### *(No Action Requested)*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 21 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Name of Offender: Donald James Lawson          Case Number: 2:97CR00154-001/2:97CR000155-001

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen

Date of Original Sentence: 08/06/1998          Type of Supervision: Supervised Release

Original Offense: Pass and Utter Counterfeit
Obligations of the United States, 18 U.S.C. § 472;
Possession with Intent to Distribute
Methamphetamine, 21 U.S.C. § 841(a)(1)

Date Supervision Commenced: 07/25/2005

Original Sentence: Prison - 120 months;
TSR - 48 months

Date Supervision Expires: 07/24/2009

---

# NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 20:** You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but not more than (6) tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence:** The offender signed an "Eastern District of Washington U.S. Probation and Pretrial Services Admission of Dug Use" form on November 17, 2005, admitting that he used and tested positive for methamphetamine and THC at Second Chance-Iverson Center in Spokane, Washington. He also admitted that his last day of drug usage was October 23, 2005, and he would test positive for methamphetamine upon entry into Second Chance-Turner House's halfway house program in Spokane on October 24, 2005. All urine samples were confirmed positive by Scientific Testing Laboratories (STL), in Richmond, Virginia.

Upon entry into Turner House, the offender tested positive for methamphetamine and marijuana on the following dates: October 24, October 26, and October 27, 2005. On October 29, 2005, the offender tested positive for methamphetamine. All urine samples were confirmed positive by Redwood Toxicology Laboratory in Santa Rosa, California.

On October 24, 2005, the offender contacted this officer and wanted to argue about his scheduled reporting date to Turner House. He threatened to contact this officer's supervisor. It should be noted that when the offender did report to Turner House, he reported 3 hours late.

Prob12A
Re:  Lawson, Donald James
February 16, 2006
Page 2

On October 27, 2005, the offender was still withdrawing from his drug usage at Turner House. In this officer's absence, another probation officer assisted Turner House staff in calming the offender down and gaining his compliance to the rules of the program. The offender had pictures of Kasia Tune, a convicted Federal felon. He requested permission to display her photographs on the walls of his room. This request was denied.  Mr. Lawson had previously been denied permission to have contact with Ms. Tune.  On November 10, 2005, Ms. Tune was found guilty of her association with Mr. Lawson and her supervision was revoked for 1 year and 1day, with no supervision to follow.

On October 30, 2005, the offender left this officer the following telephone message: "I am tired of being a hard ass.  I know I have been a real pain in the butt.  I will pull my head out. I am scared, confused, strung out and don't want to go back to prison.  I am sorry and am asking for help, I am concerned and confused.  I am a dope fiend, wanting to get high, and buck the system in the past."

On November 15, 2005, I received a telephone call from a potential employer at Spokane Industries in Spokane.  The offender had not fully informed this employer why he had been was placed at Turner House.  Spokane Industries employs many Turner House residents. The Director of Human Resources (HR) at Spokane Industries did not appreciate the offender not being honest about his drug usage.  The HR representative discerned this information on her own, without input from this officer. On November 17, 2005, this officer conducted a telephone conference with the offender and the HR director. The director indicated she would not employ Mr. Lawson at this time, but would consider hiring him in the future.  Mr. Lawson was admonished by this officer to be honest with potential employers in order not to hurt his employment opportunities, or the potential opportunities of other residents to be employed by this firm while at Turner House.

2      **Standard Condition# 9:** The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

**Supporting Evidence:** On October 18, 2005, U.S. Probation Officer Tommy Rosser conducted a home visit at Kasia Tune's residence.  The following items were located during a plain view visual inspection: Mr. Lawson's prescription medication; his BOP prison picture identification card; and pictures with the offender and Ms. Tune, as well as another active convicted Federal felon, Robert Hutton. The pictures were marked on the back with Mr. Hutton and Ms. Tune's names and the date of August of 2005. Prior to his release from Turner House on July 25, 2005, Donald Lawson was informed that could not have contact with Robert Hutton.  Mr. Lawson requested and was denied the ability to release and live with Mr. Hutton.

The offender was admonished by this officer on October 19, 2005, after he was advised not to pick up Kasia Tune's daughter at her grade school this date. Mr. Lawson was confronted about lying to this officer, using drugs, indicating he was employed at Master Halco in Spokane when he was not, and continuing to have contact with Kasia Tune. Donald Lawson admitted he had been difficult and stated the following: "I fucked up."

On January 13, 2006, this officer met with the offender and his attorney.  He was asked about his contact with Kirk Beaulieu between October and November of 2005.  He admitted

Prob12A
**Re: Lawson, Donald James**
**February 16, 2006**
**Page 3**

allowing Mr. Beaulieu to stay a couple of days at his apartment. In addition, Mr. Beaulieu admitted to his supervising U.S. Probation Officer, Missy Kolbe, that he was residing at Mr. Lawson's residence in November of 2005. The offender was also informed about his medication and pictures of Mr. Hutton and Ms. Tune being located in her apartment. He stated that he has now extricated himself from having contact with convicted felons. He was also informed that Turner House staff advised this officer of a telephone call he had received from Damion Rice on January 9, 2006, while he was at their facility. Damion Rice was previously on Federal supervision with the U.S. Probation Office in Spokane. Mr. Lawson indicated he had not initiated contact with the offender.

**U.S. Probation Officer Action**: This officer delayed notifying the Court of these violations in order to provide Mr. Lawson the opportunity to spend 120 days at Turner House. This was done to provide the offender clean and sober housing, an opportunity to participate in intensive outpatient treatment at New Horizons, and attend mental health counseling with John Jankowsky. Mr. Lawson has obtained new employment with Toby's Battery & Auto Electric in Spokane.

Mr. Lawson has become involved with another woman, Jeanna Hastings. While Ms. Hastings is not a convicted felon, she has 2 prior convictions of driving while under the influence of alcohol (DUI), and another DUI charge that was reduced to reckless driving. By her own admission, Ms. Hastings has been involved in a previous relationship that involved domestic violence with a controlling man. She is concerned that he may find her. Ms. Hastings is fully informed about Mr. Lawson's background. Ms. Hastings was involved with the offender and John Jankowsky in treatment sessions. They have agreed that Mr. Lawson will save money on his own, so that if their relationship does not work out, he can locate alternative housing. This officer continues to be very concerned about this relationship, but at this time, cannot preclude their contact.

Mr. Lawson's release date is Monday, February 20, 2006, which s a Federal holiday. Mr. Lawson will be released 3 days short of his 120 day program, per the Bureau of Prisons (BOP) requirements . It is the BOP's policy to release offenders the previous Friday, if their release date is on a Monday. It is respectfully requested that no action be taken on the above violations at this time, and that the offender be released from Turner House as scheduled on Friday, February 17, 2006.

Respectfully submitted,

by _____

Brenda J. Kuest
U.S. Probation Officer
Date:  February 16, 2006

**Prob12A**
**Re:  Lawson, Donald James**
**February 16, 2006**
**Page 4**

[X]   Court Concurs with Officer Action
[ ]   Submit a Request for Modifying the Condition or Term of Supervision
[ ]   Submit a Request for Warrant or Summons
[ ]   Other

Signature of Judicial Officer

Feb 21 2006

Date